IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN J. MERRYFIELD,

                Petitioner,

v.                                         CASE NO. 23-3070-JWL

LAURA HOWARD,

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 filed by Dustin J. Merryfield, who has been civilly committed under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 *et seq.*, and is incarcerated at Larned State Hospital in Larned, Kansas. Petitioner also has filed a motion for leave to proceed in forma pauperis and an affidavit of financial status. (Docs. 4 and 5.) The motion will be granted. The Court has conducted an initial review of the petition and, for the reasons explained below, the Court will direct Petitioner to show cause why this matter should not be dismissed.

### Background

In 2000, Petitioner was classified as a sexually violent predator under the KSVPA and was civilly committed to the Sexual Predator Treatment Program (SPTP). *Matter of Merryfield*, 2022 WL 5315734, *1 (Kan. Ct. App. Oct. 7, 2022), *rev. denied* Feb. 8, 2023. Individuals in the SPTP "must progress through three separate tiers of inpatient services, followed by two levels of supervised treatment—transitional release followed by conditional release—before becoming eligible to petition for final release." *Id.* (citing K.S.A. 2021 Supp. 59-29a02(i), (k)).

The KSVPA provides that the mental condition of each person committed thereunder shall

1

be examined once a year. K.S.A. 59-29a08(a). The secretary for aging and disability services, who is the Respondent in this action, must provide the committed individual with annual notice of his or her right to petition the court for release over the secretary's objection; the notice must include a form for waiving that right. *See* K.S.A. 59-29a02(j) and K.S.A. 59-29a08(a). The secretary also must provide the annual report and the notice and waiver form to the court that conducted the person's initial KSVPA commitment proceedings (the committing court), which shall file the documents upon receipt. K.S.A. 59-29a08(a).

Once the documents are filed, the committed individual has 45 days to file a request for an annual review hearing to determine whether the individual is entitled to placement in the next tier of the program. K.S.A. 59-29a08(b). If he or she fails to do so, he or she has waived the right to a hearing on that particular annual report. *Id.* If no hearing is requested, the committing court conducts an in camera review of the "status of the person's mental condition and determine whether the person's mental abnormality or personality disorder has significantly changed so that an annual review hearing is warranted. The court shall enter an order reflecting its determination." K.S.A. 59-29a08(f). For an individual in the inpatient portion of the SPTP, if the committing court "determines that probable cause exists to believe . . . that the person is safe to be placed in transitional release," the determination order shall set a hearing for transitional release. K.S.A. 59-29a08(g). After the hearing, the burden is on the state to convince the court beyond a reasonable doubt that the committed person is not appropriate for transitional release. K.S.A. 59-29a08(h).

The federal habeas petition now before this Court concerns Petitioner's annual review for the year 2018. (Doc. 1, p. 2.) In order to fully appreciate Petitioner's arguments, additional information is helpful. In June 2018, Petitioner progressed to the third tier of STPS inpatient services and he moved from Larned State Hospital to Maple House, a reintegration facility at

2

Parsons State Hospital. *Matter of Merryfield*, 2022 WL 5315734, at *1. The 2018 annual report and an "acknowledgment of receipt and waiver form" signed by Petitioner were filed in the state district court on December 19, 2018. *Id.* at *6. Petitioner did not request an annual review hearing during the following 45 days. *Id.* at *5.

In approximately June 2019, a staff member at Maple House reported that Petitioner "made sexually inappropriate remarks to her" and, as a result, Petitioner was "demoted . . . to the first tier of the SPTP and transferred" back to Larned State Hospital. *Id.* at *1. On December 18, 2019, the state district court filed the 2019 annual report and Petitioner's signed acknowledgment of receipt of the report and the waiver form. *Id.* at *6. Later that month, Petitioner filed a "Request for a Hearing and Order to Put [Petitioner] back in Transitional Release." *Id.* at *2. The motion asserted that Petitioner's relocation to Maple House constituted "transitional release" under the KSVPA, from which he could only be demoted by court order after a hearing. *Id.* at *2. In January 2020, Petitioner filed a timely request for an annual review hearing related to the 2019 report. *Id.* at *6.

On July 27, 2020, Petitioner filed a request for a decision on the 2018 annual report, since the district court had not entered the order required by K.S.A. 59-29a08(f). *Id.* On September 29, 2020, the district court issued an order finding that Petitioner had waived his right to request a hearing on the 2018 annual report because he had failed to timely file a request for such a hearing. *Id.* The order also held that Petitioner had never been placed in transitional release, as that term is statutorily defined, because only the court can authorize transitional release and the relocation to Maple House was not at the order of the court. *Id.* at *2. Thus, the court denied Petitioner's December 2019 motion. *Id.*

On January 22, 2021, the district court issued an order that addressed both the 2018 annual report and 2019 annual report. *Id.* at *6. It reiterated its earlier finding that Petitioner had waived

3

his right to request a hearing on his 2018 annual report by failing to timely request such a hearing. *Id.* at *3. The order also noted that the court had conducted the in-camera review of the 2018 annual report and concluded that it was not safe to elevate Petitioner to transitional release, a decision reaffirmed by the 2019 annual report, which documented Petitioner's return to Larned State Hospital from Maple House. *Id.*

In February 2021, Petitioner filed several pro se motions, including a motion that sought a hearing, "seeking 'the Due Process for [*sic*] which he is entitled' and an annual review hearing, purportedly related to his 2020 annual report but also addressing his previous years' reports." *Id.* at *3. In addition, Petitioner filed a motion for leave to file an untimely notice of appeal from the September 29, 2020 order and the January 22, 2021 order. *Id.* That request appears to have been granted, as Petitioner was permitted to seek appellate review. The Kansas Court of Appeals (KCOA) issued its opinion on October 7, 2022, affirming the district court and finding that Petitioner was not entitled to relief. *Id.* at *1. The Kansas Supreme Court denied Petitioner's petition for review on January 31, 2023.

In March 2023, Petitioner filed in this Court his federal petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Therein, he asserts three grounds for relief. *Id.* at 6. As Ground One, he alleges that his rights under the Fourteenth Amendment to the United States Constitution were violated because he was recommitted without a hearing or adversarial proceeding. Liberally construing the pro se petition, this appears to be a due process argument.[1] As Ground Two,

---

[1] The petition itself does not refer in Grounds One or Two to specific rights allegedly violated, instead more generally referring to Petitioner's "rights under the Fourteenth Amendment [to] the United States Constitution." (Doc. 1, p. 6.) Section 1 of the Fourteenth Amendment protects multiple constitutional rights; it prohibits states from (1) "mak[ing] or enforce[ing] any law which shall abridge the privileges or immunities of citizens of the United States" (the Privileges and Immunities Clause); (2) "depriv[ing] any person of life, liberty, or property, without due process of law" (the Due Process Clause); and (3) "deny[ing] to any person within its jurisdiction the equal protection of the laws" (the Equal Protection Clause). *See* U.S.C.A. Const. Amend. XIV, sec. 1. The Court has construed Ground One of this federal habeas matter to assert due process violations. If this construction is incorrect, Petitioner may file an amended petition, on court-approved forms, that more clearly identifies which Fourteenth Amendment rights he

4

Petitioner asserts that his First Amendment right to access the court was violated when he was denied a hearing. As Ground Three, Petitioner alleges that his Fourteenth Amendment rights were violated when he "was not released from secure confinement." *Id.* The precise right or rights at issue in Ground Three is unclear, as is discussed below, but it may also be a due process argument. As the supporting facts for each ground, Petitioner asserts:

> On December 19, 2018, the State of Kansas filed documents to begin an Annual Review in accords with K.S.A. 59-29a08. The documents held that Mr. Merryfield no longer belonged in confinement and was moved to transition. On September 29, 2020, the McPherson County District Court, with neither party present, ordered Mr. Merryfield to be committed to confinement as it decided to hold no review or hearing.

*Id.* As relief, Petitioner asks this Court to order that within the next 72 hours, Petitioner be released from commitment under the KSVPA or be placed on transitional release. *Id.* at 7.

### Initial Screening Standards

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of the Rules authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

---

believes were violated that he intends to assert as Ground One.

**Ground Three**

Ground Three is subject to dismissal for failure to adequately articulate a distinct claim for federal habeas corpus relief. Put simply, the allegations in the petition do not clearly identify the constitutional right Petitioner believes was violated, nor do they clearly identify the factual basis for the belief. As noted in the footnote above, the Fourteenth Amendment protects multiple constitutional rights and the contention that one or more of those rights were "violated when Mr. Merryfield was not released from secure confinement" could refer to multiple parts of the annual review process. For example, Petitioner could intend to assert that he did not receive sufficient due process—*i.e.*, a hearing—before the state district court concluded it was not safe to move Petitioner to transitional release. This seems to be the argument presented in Ground One, though, and the Court is hesitant to construe Ground Three in a way that renders it duplicative of Ground One.

In the alternative, Petitioner could intend to argue in Ground Three, as he did to the KCOA, "that he endured an equal protection violation when the district court held his annual review hearing without him present." *See Matter of Merryfield*, 2022 WL 5315734, at *10. Or Petitioner could intend to argue in Ground Three, as he also did to the KCOA, that "the 2018 annual report demonstrated he was entitled to an evidentiary hearing and an order for transfer to transitional release." *See id.* at *8. Petitioner did not frame that argument in the state court as being based on the Fourteenth Amendment, though, so this Court is again reluctant to so construe it.[2]

Because the Court cannot discern the grounds for relief Petitioner intends to assert as Ground Three, it will direct Petitioner to either file a complete and amended petition more clearly articulating the alleged constitutional violation and supporting facts Petitioner intends to provide

---

[2] The KCOA resolved the issue based on its interpretation of the KSVPA, a state law, and this Court has no authority in federal habeas to review a state court's decision concerning the interpretation or application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

the basis for Ground Three. In the alternative, Petitioner may advise the Court, in writing, that he wishes to delete Ground Three and proceed only on Grounds One and Two. Either way, Petitioner should be aware that Grounds One and Two are also subject to dismissal because they are procedurally defaulted.

**Exhaustion/Procedural Default**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

Petitioner asserts that he raised all three grounds for relief in all appeals that were available to him. (Doc. 1, p. 6.) A closer review of the state court opinion and Petitioner's own identification of "what the issues were on Appeal before the Kansas Court of Appeals and Kansas Supreme Court," however, indicates that Ground Two was not presented to the state appellate courts. Again, Ground Two asserts the violation of Petitioner's First Amendment "right to access the court." *Id.* The list of issues Petitioner has attached to his petition does not include any allegation that his constitutional right to access the court was violated. *Id.* at 9. Similarly, the KCOA opinion does not refer to the constitutional right to access the courts. *See Matter of Merryfield*, 2022 WL 5315734. Thus, the information now before the Court indicates that Ground Two was not presented to the Kansas appellate courts.

7

When a federal court is faced with a petition for writ of habeas corpus that contains unexhausted claims, it generally should dismiss the matter without prejudice to allow the petitioner to fully exhaust all claims. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). But in this case, it appears that Petitioner would be procedurally barred at this time from raising in the state courts a constitutional challenge to his 2018 recommitment to the SPTP.[3] Broadly speaking, Kansas state law generally requires trial errors affecting constitutional rights to be raised in the initial appeal, unless exceptional circumstances excuse the failure to do so. *See Calhoun v. State*, 56 Kan. App. 2d 185, 193 (2018), *rev. denied* Feb. 28, 2019; Kan. S. Ct. R. 183(c)(3). "Exceptional circumstances" is defined to include ineffective assistance of trial or direct appeal counsel, as well as newly discovered evidence or an unforeseeable and unknown change in circumstances or constitutional law. *Id.* at 194. The information now before this Court does not indicate that this type of exceptional circumstance exists. Thus, it does not appear that Petitioner has any remaining procedural avenue by which to raise to the state courts an argument that his 2018 annual review process violated his First Amendment right to access the courts.

Because no procedural avenue for relief exists in state court, dismissing this matter so that Petitioner can pursue state court remedies would be pointless. The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Because there are no longer state remedies available to Petitioner for pursuit of the arguments in Ground Two, he has met the technical requirement for exhaustion. *See Coleman v.*

---

[3] This Court in no way intends to dissuade Petitioner from pursuing additional state-court remedies involving the arguments made in Ground Two of this federal habeas petition. If Petitioner is aware of another option for exhausting state-court remedies on Ground Two, he may pursue it and then seek federal habeas relief, as long as he files any future federal habeas petition in compliance with the relevant federal statute of limitations and other relevant procedural rules.

*Thompson*, 501 U.S. 722, 732 (1991). But when a petitioner fails to present a claim to the state courts and would be procedurally barred from doing so if he returns to state court, an anticipatory procedural bar prevents the federal court from addressing the claim in a federal habeas matter. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). Claims to which this anticipatory procedural bar is applied are referred to as "procedurally defaulted" claims.

A claim is also procedurally barred, or defaulted, if a federal habeas petitioner raised it in state court but the state court dismissed it "on the basis of noncompliance with adequate and independent state procedural rules." *See Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). That is what occurred with Ground One of the current federal habeas petition, which the Court has construed as alleging a due process violation.[4] The KCOA opinion notes that Petitioner raised "equal protection and due process" claims, some of which were related to review hearings being held *in absentia*. *Matter of Merryfield*, 222 WL 5315734, *10. The KCOA further noted, however, that Petitioner had not raised these issues to the district court and, under Kansas law, "[i]ssues not raised before the district court, including constitutional ones, generally are not properly before an appellate court for its consideration." *Id.* (citing *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729 (2014)). Although exceptions to that general rule exist, Petitioner "bore the burden to show, in his brief, how one of these exceptions applies to his case but this he did not do." *Id.*

As the KCOA explained, "Kansas Supreme Court Rule 6.02(a)(5) . . . requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal" and the KSC in 2014 and 2015 "has warned that Supreme Court Rule 6.02(a)(5) would be strictly enforced, and litigants who failed to comply with this rule risked a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned." *Id.* at *10 (citations

---

[4] If the Court has misconstrued Ground One, Petitioner should address that in his amended petition or written response to this order.

omitted). The KCOA held that Petitioner's "brief falls short of what is required" and the lack of an explanation why the constitutional issues should be considered for the first time on appeal led the KCOA to "decline to engage in an analysis of the merits of this issue." *Id.* at *11. By doing so, the KCOA declined to consider the merits of the claims because of Petitioner's noncompliance with adequate and independent state procedural rules.[5]

In summary, a claim may be procedurally defaulted because the state court declined to consider it due to noncompliance with adequate and independent state procedural rules, like Ground One of this federal habeas matter, or because it was never raised to the state court and there is no longer a procedural avenue to do so, like Ground Two. In either case, federal habeas courts ordinarily refuse to consider procedurally defaulted claims. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) (applying in case of anticipatory procedural default); *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012) (applying in case of procedural default after state-court rejection of claim because of procedural noncompliance).

A petitioner seeking consideration of a procedurally defaulted claim has two ways to overcome the bar. First, he or she may "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate cause for the procedural default, petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey*

---

[5] "A state procedural rule is independent if it relies on state law, rather than federal law, as the basis for the decision." *Finlayson v. State*, 6 F.4th 1235, 1238 (10th Cir. 2021) (internal quotation marks omitted). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009)).

*v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).[6] A petitioner also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Second, a litigant may overcome the procedural bar against considering defaulted claims by "demonstrat[ing] that [the federal court's] failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To proceed under this exception, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 1000).

### Conclusion

In summary, Petitioner asserts three grounds for relief in this matter. Ground One was raised to the KCOA, which declined to address its merits because it did not comply with an independent and adequate state procedural rule. Thus, Ground One is procedurally defaulted. Ground Two was not raised to the Kansas appellate courts and it appears that there is no longer a procedural vehicle by which Petitioner may do so. Thus, Ground Two is also procedurally defaulted. This Court may not consider the merits of procedurally defaulted claims for federal habeas relief unless Petitioner shows (1) external cause existed for the default and he will suffer prejudice if this Court does not consider the federal constitutional claim *or* (2) that the failure to consider the claim will result in a fundamental miscarriage of justice. Petitioner will be given time in which to explain, in writing, why this Court may consider the merits of Grounds One and Two despite their status as procedurally defaulted.

---

[6] Although ineffective assistance of counsel may, in some circumstances, constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). In other words, to use an ineffective assistance of counsel claim as cause to excuse a procedural default, *that* ineffective assistance of counsel claim must have been presented to the state courts.

Ground Three does not clearly articulate a basis for federal habeas relief because even a liberal construction does not reveal the specific constitutional right or facts upon which it is based. Thus, Petitioner will be given time to either (1) inform the Court, in writing, that he wishes to withdraw Ground Three *or* (2) to file a complete and proper amended petition on court-approved forms that clearly articulates the constitutional right Petitioner alleges in Ground Three was violated and the specific events which Petitioner believes show that the right was violated.

If Petitioner chooses to withdraw Ground Three and also wishes to assert that this Court should consider the merits of Grounds One and Two, he may file a single document addressing both topics. If, on the other hand, Petitioner chooses to submit an amended petition to clarify Ground Three, he may attach to the amended petition any arguments he wishes to make as to why this Court should consider the merits of Grounds One and Two. The amended petition must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference earlier filings with this Court. Any grounds for relief not included in the second amended petition will not be considered before the Court. Petitioner must include the case number of this action (23-3072) on the first page of the second amended petition. If Petitioner fails to submit an amended petition or response on or before April 17, 2023, this action may be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 4), is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted to and including April 17, 2023, in which to file either (1) a complete and proper amended petition clarifying Ground Three with an attachment addressing the procedural default of Grounds One and Two or (2) a written response to this order which notifies the Court that Petitioner wishes to delete Ground Three and proceed

only on Grounds One and Two and which addresses the procedural default of Grounds One and Two. The clerk is directed to mail Petitioner the appropriate form to use if he chooses to file an amended petition.

**IT IS SO ORDERED.**

DATED:   This 17th day of March, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge