IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DUSTIN J. MERRYFIELD,**

                      **Petitioner,**

v.                                                       **CASE NO. 23-3070-JWL**

**LAURA HOWARD,**

                      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Dustin J. Merryfield, who proceeds pro se and in forma pauperis. (Docs. 1, 6.) The Court began its initial review as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and concluded that Grounds One and Two appeared procedurally defaulted and the alleged constitutional violation underlying Ground Three was not clearly identified. (*See* Doc. 6, p. 11-12.) Thus, on March 17, 2023, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed. (Doc. 6.) Petitioner timely filed a response to the NOSC. (Doc. 7.)

In the response, Petitioner first seeks clarification of certain parts of the NOSC. *Id.* at 1. He states:

> The Court held that Count Three, access to the Court may not go forward without an amended complaint.
>
> Mr. Merryfield questions this for this is listed as Count Two in the Petitioner. Count One is Committed without a hearing or adversarial process, Count Two is the right to access the Court, and Count Three is the failure to release Mr. Merryfield from confinement.
>
> Count three is a duplicate of Count one. The Secretary stated Mr. Merryfield needed to be released for he had changed and the Court refused. Thereby confining

1

> him in violation of the decision in *Kansas v. Hendricks*, 521 U.S. 346, that one must be discharged when they are no longer a danger.
>
> Mr. Merryfield cannot determine from the order as to how the Court would like him to proceed.

*Id.*

The Court is unsure which part of the NOSC led Petitioner to believe that the Court understood Ground Three to assert the violation of the constitutional right to access the courts, but Petitioner is assured that the Court does not so understand the petition. Moreover, the response to the NOSC further clarifies the basis for Ground Three.

In light of the response to the NOSC, the Court understands the grounds for relief in the petition as follows. Ground One asserts that Petitioner's constitutional right to due process, as guaranteed by the Fourteenth Amendment, was violated when the state district court did not hold a hearing or other adversarial proceedings before it entered its September 29, 2020[1] order. Ground

---

[1] In the portion of the form petition for identifying the date of the decision or action being challenged, Petitioner wrote "September 29, 2020." (Doc. 1, p. 2.) Similarly, in the portion of the form for identifying the facts that support each ground for relief, Petitioner identifies the September 29, 2020 state district court order, asserting that it "ordered Mr. Merryfield to be committed to confinement." *Id.* at 6. This Court has examined the online records of the District Court of McPherson County, Kansas. *See* Online records of the District Court of McPherson County, Kansas, Case No. 2000-PR-000156.The docket reflects three entries on September 29, 2020. First, there is a motion to strike filed by the State of Kansas. Second, there is an "Order Denying Request To Be Returned to Transitional Release," which held that because Petitioner "was never in transitional release," the state district court was "without authority" to order him returned to transitional release. Third, there is an "Order Regarding 2018 Annual Examination of Resident's Mental Condition." That order states, in total:

> Now on the date electronically file-stamped above, this matter comes on for review by the court. The court finds that Larned State Hospital filed an Annual Examination of Respondent Dustin J. Merryfield's mental condition on December 19, 2018 as required by law.
>
> Accordingly respondent had 45 days thereafter in which to request a review hearing of said report. *See K.S.A. 59-29a08(b)*. Merryfield failed to request such a review hearing and the court finds that he has therefore waived any hearing on said report. [*sic*]

Neither of the orders entered on September 29, 2020 order Petitioner to be committed to confinement. There is, however, an order entered on January 22, 2021, that states in relevant part:

> The Court conducted its review of the 2018 in camera and determined that that Respondent's condition had not significantly changed to warrant transitional release. In any event, Respondent waived his right to a hearing following the filing of his 2018 annual report as found in the Court's September 29, 2020 order, and further proceedings about his right to transitional release, therefore,

Two asserts that Petitioner's constitutional right to access the Court, as guaranteed by the First Amendment, was violated when the state district court did not hold a hearing or conduct an in camera review of Petitioner's mental status before it entered its September 29, 2020 order. Ground Three asserts that Petitioner's constitutional right to due process, as guaranteed by the Fourteenth Amendment, was violated when the state district court did not order Petitioner's release from secure confinement despite the Secretary's finding that Petitioner should be released.[2] If this understanding is incorrect, Petitioner must so inform the Court, in writing.

Returning to the response, it reflects that Petitioner may have misunderstood the remainder of the NOSC. He states that he "understands [the NOSC] to mean that Mr. Merryfield is responsible to come forward and show where he was prejudiced to the point that a miscarriage of justice will occur." (Doc. 7, p. 2.) This is not precisely what the NOSC requested, although, as Petitioner also states, the NOSC did arise in the context of the exhaustion of Petitioner's claims. *See id.* The Court directs Petitioner's attention to the portion of the NOSC titled "Exhaustion/Procedural Default." (Doc. 6, p. 7-11.) The Court will also clarify the related concepts and will afford Petitioner additional time to respond.

When a state prisoner seeks federal habeas relief from confinement, the federal court must determine whether the claims asserted as grounds for federal habeas relief were presented to the state appellate courts and were denied on their merits. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Fontenot v. Crow*, 4 F. 4th 928, 1018 (10th Cir. 2021). Although the precise arguments

---

are moot. [*sic*]

[2] The Court notes that 2018 Annual Examination of Petitioner's Mental Condition, which is attached to Petitioner's petition, does not "state[] Mr. Merryfield needed to be released for he had changed." (Doc. 7, p. 1; Doc. 1-1.) To the contrary, the examination "conclude[d] the risk associated with the aforementioned mental abnormality/personality disorder has *not* so sufficiently changed that it would be safe for Mr. Merryfield to be placed in Transitional Release, as it is likely he may engage in repeat acts of sexual violence if placement was to occur at this time." (Doc. 1-1, p. 5 (emphasis added).) If there is a statement from the Secretary that stated Petitioner should be released, it is not in the record currently before this Court.

Petitioner raised to the Kansas Court of Appeals (KCOA) are not entirely clear, liberally construing the federal habeas petition now before this Court, Grounds One and Three are due process arguments. The KCOA held that Petitioner's constitutional due process and equal protection arguments were "not properly before us" because he failed to show that he was entitled to an exception to Kansas' general rule that issues not raised in the district court may be raised on appeal. *Matter of Merryfield*, 2022 WL 5315734, *10 (Kan. Ct. App. Oct. 7, 2022) (unpublished opinion), *rev. denied* Jan. 31, 2023. Thus, because the KCOA declined to address Petitioner's due process arguments because they were not asserted in the correct procedural manner, Grounds One and Three are considered procedurally defaulted. (*See* Doc. 6, p. 9-10.)

Similarly, there is no indication that Petitioner argued to the KCOA that his constitutional right to access the courts had been violated by the district court's alleged refusal to hold a hearing or conduct an in camera review before it entered its September 29, 2020 order, the argument now raised in Ground Two of this federal habeas action. Because it appears to this Court that Petitioner would be procedurally barred from returning to state court to raise this argument, Ground Two is subject to an anticipatory procedural bar; in other words, it is also procedurally defaulted.

Generally speaking, a federal court considering a petition for writ of habeas corpus by a state prisoner may not consider procedurally defaulted claims. (*See* Doc. 6, p. 10 (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996), and *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012)).) There are two sets of circumstances under which a federal court may do so. First, a petitioner may demonstrate cause for the default *and* show that he suffered actual prejudice as a result of the alleged federal violation. (*See* Doc. 6, p. 10 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).) In this context, demonstrating "cause" involves showing that an objective factor external to the petitioner impeded the ability to comply with the state's procedural rule. (*See* Doc.

4

6, p. 10 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).)

In his response, Petitioner asserts that he did raise "many of the issues" to the district court but the state district court judge ordered those filings stricken from the record.[3] (Doc. 7, p. 2.) But whether Petitioner attempted to raise the issues in the district court is not relevant to the issue now before this Court. The KCOA held that Petitioner failed to adequately explain to the KCOA why he should be allowed to raise the issues for the first time on appeal. *Matter of Merryfield*, 2022 WL 5315734, at *10 ("Merryfield bore the burden to show, in his brief, how one of these exceptions applies to his case but this he did not do."), *11 ("Merryfield neglected to follow the proper procedure governing a litigant's efforts to obtain review of an issue for the first time on appeal. Consequently we decline to consider the merits of his equal protection and due process claims."). Thus, the "cause" with which this Court is now concerned is the cause for Petitioner's failure to follow the proper procedure to raise the issues for the first time on appeal.

To the extent that Petitioner's response could be liberally construed to assert that the KCOA or the state district court erred by the way in which they applied state rules of procedure or state law, this Court "does not have license to question a state courts' finding of procedural default or to question whether the state court properly applied its own law." *Finlayson v. State*, 6 F.4th 1235, 1240 n.6 (10th Cir. 2021). In other words, "[w]hen a state court dismisses a claim on state-procedural-law grounds, federal courts do not evaluate the correctness of the state court's procedural ruling." *Prater v. Blood*, 2022 WL 1749139, *3 (10th Cir. Dec. 8, 2022) (citations omitted) (unpublished order denying certificate of appealability).

---

[3] He further asserts that the "Court of Appeals found the denial of Mr. Merryfield's ability to file was wrong, but [it] never reversed the decision and remanded so the issues could be heard." *Id.* This Court has carefully reviewed the KCOA opinion issued on October 7, 2022, but cannot locate any part of the opinion in which the KCOA held that the district court had erred in striking Petitioner's filings from the record. If Petitioner wishes to rely upon this asserted holding, he must provide a specific citation to the part of the opinion where this Court may find the holding that the district court erred in striking Petitioner's filings.

Petitioner also appears to identify the alleged ineffective assistance of counsel as cause for his procedural default of the claims he now asserts in this federal habeas action. (Doc. 7, p. 3-4.) But the United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance of counsel adequate to establish cause for the procedural default of a due process claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for Petitioner to use an ineffective assistance of counsel as cause to excuse his procedural default of the constitutional claims now raised in this federal habeas matter, he must have exhausted the ineffective assistance claim in the state courts. Although Petitioner raised an ineffective assistance claim to the KCOA, the KCOA held that it was procedurally barred from considering the claim.[4]  *Matter of Merryfield*, 2022 WL 5315734, at *11-12.

In any event, as noted above, the question is whether there was cause for the procedural default, which occurred because Petitioner failed to adequately brief to the KCOA why it should consider certain issues for the first time on appeal. The Court has obtained copies of the briefs submitted to the KCOA in the relevant case and those briefs reflect that Petitioner proceeded pro se during the appeal. Thus, it remains unclear how, even if Petitioner did receive ineffective assistance of counsel during state district court proceedings, ineffective assistance of counsel

---

[4] Contrary to Petitioner's assertion in the response, there is no indication that "[t]he Court of Appeals [found] there was no ineffective assistance of counsel." (Doc. 7, p. 4.) The KCOA held: "Because factual issues remain unresolved in the record, we are foreclosed from applying the ineffective assistance of counsel test as a matter of law. Thus, we reject Merryfield's ineffective assistance of counsel claims as unpreserved." *Matter of Merryfield*, 2022 WL 5315734, at *12.

caused a procedural default that occurred while Petitioner was representing himself.

The information before this Court reflects that Grounds One and Three of this matter are procedurally defaulted because Petitioner presented them to the KCOA in a manner that was procedurally prevented by Kansas law and Ground Two is procedurally defaulted because Petitioner failed to present it to the KCOA and no longer has an appropriate procedural avenue by which to do so. Petitioner has failed to show adequate cause for the defaults, so this Court need not address the prejudice prong, although it will reemphasize to Petitioner that the prejudice in question is prejudice caused by the underlying federal violation, not caused by the default. For example, if Petitioner shows cause for his default of Ground One, he must also show the prejudice that was caused by his due process rights being violated when the state district court failed to hold a hearing or other adversarial proceeding before entering its September 29, 2020 order.

The second way for a federal habeas petitioner to overcome the general prohibition against federal courts considering procedurally defaulted claims is by showing that the federal court's failure to consider the merits of the defaulted claim will result in a fundamental miscarriage of justice. (*See* Doc. 6, p. 11 (citing *Coleman*, 501 U.S. at 750).) To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "This exception to the general rule barring consideration of defaulted claims "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). A petitioner seeking relief under a defaulted claim and asserting this exception must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*,

513 U.S. 298, 327 (1995)). Even liberally construing the response, Petitioner has not done so.

Because it appears that Petitioner may have misunderstood the NOSC, the Court will afford Petitioner a final opportunity to show cause, in writing, why this matter should not be dismissed based on the conclusion that all three grounds for relief asserted in the petition are procedurally defaulted and, as such, this Court cannot consider them on their merits. If Petitioner shows the required cause and prejudice or shows that this Court's failure to consider the merits of his claims will result in a fundamental miscarriage of justice, as defined above, this matter will proceed and the Court will issue further orders as necessary. If Petitioner fails to file a timely response to this order, this matter will be dismissed without prejudice without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including May 1, 2023 in which to show cause, in writing, why this matter should not be dismissed for the reasons stated herein. If Petitioner fails to timely file a response to this order, this matter will be dismissed without prejudice without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 30th day of March, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge