IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN J. MERRYFIELD,

                Petitioner,

v.                                                  CASE NO. 23-3070-JWL

LAURA HOWARD,

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Dustin J. Merryfield, who proceeds pro se and in forma pauperis. (Docs. 1, 6.) The Court began its initial review as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and concluded that Grounds One and Two appeared procedurally defaulted and the alleged constitutional violation underlying Ground Three was not clearly identified. (*See* Doc. 6, p. 11-12.) Thus, on March 17, 2023, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed. (Doc. 6.) Petitioner timely filed a response to the NOSC. (Doc. 7.)

Because the response sought clarification of the NOSC, on March 30, 2023, the Court issued a memorandum and order (M&O) restating the grounds for relief in the petition as the Court understands them. (Doc. 8.) The M&O advised Petitioner that "[i]f this understanding is incorrect, Petitioner must so inform the Court, in writing." *Id.* at 3. The M&O also clarified certain points in the NOSC, and it allowed Petitioner until May 1, 2023 "to show cause, in writing, why this matter should not be dismissed based on the conclusion that all three grounds for relief asserted in the petition are procedurally defaulted and, as such, this Court cannot consider them on their merits."

1

*Id.* at 8. Petitioner was advised that if he "fails to file a timely response to this order, this matter will be dismissed without prejudice without further prior notice to Petitioner." *Id.*

The deadline to respond to the NOSC has passed and Petitioner has not filed a response. Thus, this matter is subject to dismissal for the reasons set forth in the NOSC and the M&O. In addition, Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the M&O, the Court concludes that this matter is also subject to dismissal under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed for failure to state a claim on which relief can be granted and, in the alternative, under Fed. R. Civ. P. 41(b) for failure to comply with a court order. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 9th day of May, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>

JOHN W. LUNGSTRUM
United States District Judge